**FILED**
**JAMES J. VILT, JR. - CLERK**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JUN 2 4 2021**

**U.S. DISTRICT COURT**
**WEST'N. DIST. KENTUCKY**

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                        CRIMINAL NO. 3:21-CR-42-CHB

**PEDRO VELASQUEZ**                                              **DEFENDANT**
a/k/a OBDULIO PECH-MAZARIEGOS

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States

of America, by Michael A. Bennett, Acting United States Attorney for the Western District of

Kentucky, and defendant, **PEDRO VELASQUEZ**, a/k/a OBDULIO PECH-MAZARIEGOS,

(hereinafter Defendant or "Velasquez"), and his attorney, Patrick J. Bouldin, have agreed upon the

following:

1.      Defendant acknowledges that he has been charged in the Information in this case

with the following violations: Count 1 – Illegal Re-entry After Deportation/Removal, in violation

of Title 8 U.S.C. § 1326(a)(1) and (b)(1).

2.      Defendant has read the charge against him contained in the Information, and that

charge has been fully explained to him by his attorney.  Defendant fully understands the nature

and elements of the crime with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Count 1 in this case.  Defendant

will plead guilty because he is in fact guilty of the charge.  The parties agree to the following

factual basis for this plea:

On or about April 14, 2021, in the Western District of Kentucky, Jefferson County,
Kentucky, the defendant, **PEDRO VELASQUEZ**, an alien, was found in the United States

1

after having been denied admission, excluded, deported, and removed from the United States on or about May 16, 2018, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States.

4.      Defendant understands that the charges to which he will plead guilty carries a maximum term of imprisonment of 10 years, a maximum fine of $250,000, and a three-year term of supervised release.  Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty.  In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law.  Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status.  Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below.  Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $100 per count for felony offenses involving individuals to the United States District Court Clerk's Office by the date of sentencing.

10.     The disposition contemplated by this plea agreement is pursuant to a discretionary Fast-Track early disposition program authorized by the Attorney General of the United States and the United States Attorney for the Western District of Kentucky.   The Defendant agrees to be bound by the conditions and requirements of this program.   At the time of sentencing, the United States will:

> -recommend a sentence of imprisonment at the low end of the applicable Guideline Range.
>
> -agree that a fine at the lowest end of the applicable Guideline Range is appropriate, should the Court choose to award a fine.
>
> -recommend a reduction of 2 or 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and, if applicable, (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.
>
> -make a motion pursuant to § 5K3.1 for a downward departure of 4 levels pursuant to the Fast-Track early disposition program.

11.     Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

> A.     The Applicable Offense Level should be determined after completion of the presentence investigation by the United States Probation Office, pursuant to Fed. R. Crim. P. 32(c).  Both parties reserve the right to object to the presentence investigation report.

4

B.      The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.

C.      The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12.      Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

13.      Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

14.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

16.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

17.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed.  The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

18.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the

sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

19.    Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

20.    This document and the Supplemental Plea Agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been, or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
Acting United States Attorney

By:

_____          24 June 2021
Nute A. Bonner                            _____
Assistant United States Attorney          Date

I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully
understand it and I voluntarily agree to it.

P. V
_____          6/24/21
Pedro Velasquez                           _____
Defendant                                 Date

I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the
defendant.  To my knowledge my client's decision to enter into this Agreement is an informed
and voluntary one.

_____          6/24/21
Patrick J. Bouldin                        _____
Counsel for Defendant                     Date

8